## MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY *v.* DINSMORE, President.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

Decided January 29th, 1883.

*Appeal—Certificate of Transcript—Certiorari—Final Decree—Jurisdiction.*

1. On the merits of the motion there is no essential difference between this case and the case of the *St. Louis, Iron Mountain and Southern R. R. Co.* v. *The Southern Express Company,* just decided. Reference to the master to take and state an account between the parties as to the compensation during the litigation and up to its final termination relates to matters of administration not involving the merits.
2. A certificate that the transcript is a "true, full and perfect copy from the record of all the pro´eedings in the suit" is sufficient to give jurisdiction.
3. If the certificate is not correct, the remedy is by certiorari.
4. Where on the face of the decree it appears that a case was disposed of on demurrer to the bill, the evidence on file is not necessary for the hearing of the bill.
5. When a record has not been printed, and parties do not agree as to its contents, certiorari may be granted, reserving all questions till return.

Motion by appellees to dismiss the appeal; and, in case of denial of this motion, for *certiorari* to bring up record and proofs from below.

*Mr. Clarence A. Seward, Mr. C. W. Blair* and *Mr. F. E. Whitfield* for the motion.

*Mr. A. T. Britton, Mr. J. H. McGowan, Mr. Thomas J. Portis, Mr. A. L. Williams* and *Mr. A. F. Dillon* against it.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

This motion to dismiss is made because, as is alleged, 1, the decree appealed from is not a final decree, and, 2, the transcript is not properly certified.

1. As to the decree.

The case is in some particulars different from that of the *St. Louis, Iron Mountain & Southern Railway Company* v. *The Southern Express Company,* just decided, but in our opinion the differences do not materially affect the present question.

The decree in this case, as in that, requires the railway company to carry for the express company, and fixes the rate of compensation, "until the further order or decree of this [circuit] court." In this case, the reference to the master "to take and state an account between the parties as to the compensation that should be and has been paid during the litigation, and up to the final termination thereof," was entered before or at the time of the decree from which the appeal was taken. Still, in this, as in that, the reference is in respect to matters affecting the administration of the cause, and does not involve the merits. The reservation of power to change the rates operates only on the future, and was evidently intended for the purpose of enabling the court to act in case a change should be required. As the decree stands, the express company can require the railway company to carry at the rate which has been fixed.

2. As to the certificate.

The clerk certifies the transcript sent up to be "a true, full and perfect copy from the record of all the proceedings in the suit." Certainly this is sufficient for all the purposes of jurisdiction. If, in point of fact, the certificate is not true, the remedy is by *certiorari*, to supply deficiencies, and not by motion to dismiss.

To meet this view of the case the appellee suggests diminution and asks for a *certiorari*, to bring up "the evidence taken before . . . William H. Rossington, as examiner, . . . remaining on file in the office of the clerk, constituting exhibits, depositions, and proofs used on the argument of the cause in the . . . circuit court."

Upon the face of the decree it appears that the case was disposed of on demurrer to the bill. If that be the truth, the evidence on file is not necessary for the hearing of the appeal, but as the record, which is here, has not been printed in full, and the parties do not agree in their statements as to what it contains, we will grant the *certiorari* asked for, reserving all further questions until the return is made.