EASTON *et al. v.* HOUSTON & T. C. RY. CO. *et al.*, (WATERS-PIERCE OIL Co., Intervenor.)

*(Circuit Court, E. D. Texas.* December 1, 1890.)

FINAL DECREE—REHEARING—TIME OF APPLICATION.
    At the term succeeding that at which a decree dismissing an intervention on the merits, without prejudice, was rendered, there was a final decree in the main cause. *Held* that, even if the decree dismissing the intervention was not final at its rendition, it became final on the rendering of the final decree in the main cause, and therefore, under equity rule 88, providing "that no rehearing shall be granted after the term at which the final decree of the court shall have been entered and recorded, if an appeal lies to the supreme court, but if no appeal lies the petition may be admitted at any time before the end of the next term of the court, in the discretion of the court," a rehearing on the intervention could not be granted at the third term after the final decree in the main cause was rendered.

In Equity.
*John C. Walker*, for the Waters-Pierce Oil Company.
*Waller T. Burns*, contra.

PARDEE, J. The Waters-Pierce Oil Company filed an intervention in the above-entitled cause on the 10th day of November, 1886, claiming the sum of $969 as a lien against the trust funds in the hands of the court, arising out of the earnings of the Houston & Texas Central Railway Company for and on account of certain oil supplies furnished the Houston & Texas Central Railway Company during the months of January and February, 1885, and prior to the original appointment of receivers in this case. This intervention, under a general order of the court theretofore made relative to petitions *pro intcresse suo*, was duly re-

ferred to the special master for investigation and report. The special master, after several extensions of the hearing, finally took up the intervention, and on the 16th of February heard the evidence contradictorily with the complainant trustees. On the evidence so taken, the master reported against the intervenor's demands, finding that on the hearing the evidence was insufficient to establish the right to the equitable relief sought, and recommending a decree accordingly. This report was filed on June 10, 1887. On June 15, 1887, the intervenor filed exceptions to the said report, and again on August 12, 1887, filed amended exceptions to the report. These exceptions and amended exceptions attacked the master's report on its conclusions of law and its findings of fact. These exceptions came on to be heard at the succeeding term of court, and were argued and submitted, whereupon the court, November 16, 1887, rendered a decree that the said exceptions and amended exceptions should be overruled, and the said report confirmed; and thereupon it was "considered and ordered that the said Waters-Pierce Oil Company pay all costs incurred by reason of said intervention for which execution may issue. This order is made without prejudice." No further proceedings were had at this term of the court with regard to said intervention. At the following May term, a final decree in the main cause was rendered, directing a sale of all the mortgaged property. At the November term in 1888, following, the sale was reported of the mortgaged property, and the sale confirmed. On October 4, 1889, without any previous leave of the court, the Waters-Pierce Oil Company filed a motion to set aside the previous orders and decrees in the case, which motion, it seems, was set down before the court at the following term, March 20, 1889, and the following order was entered:

"Motion of the intervenor herein, the Waters-Pierce Oil Company, for a rehearing in this cause, having been set down by the court at a former day of this term for hearing this day, and it appearing to the court that no objections to the granting of said motion has been filed, now, therefore, the intervenor having appeared by solicitor, and said motion being considered, it is ordered by the court that the said motion be sustained, and the rehearing granted on April 1, 1890."

At the same time a motion was made by the attorneys of the receiver of the Houston & Texas Central Railway Company to vacate the order granting a rehearing, which on the same day was overruled by the court; and thereupon the petition of said intervention was set down for hearing for the 4th day of April following. On the 4th day of April, the court, without any recommittal of the intervention, and upon evidence then and there submitted, rendered a decree to the effect that the intervenor have and recover from the receiver of the Houston & Texas Central Railway Company the said sum of $968.22, with interest at 8 per cent. from the time the goods were furnished, and the receiver was ordered to pay the said claims out of any funds in his hands as receiver; but it was further ordered that the cause be held by the court as on motion for a new trial for 20 days from that date; and thereupon, on the 18th day of April, within the 20 days, a motion was made to set aside the decree in

favor of the Waters-Pierce Oil Company, Intervenor, on the grounds following, to-wit:

"(1) The court erred in disturbing the findings of the special master in chancery filed herein on the 10th day of June, 1887. (2) The court erred in setting aside and vacating a decree entered in said cause confirming the said master's report; said decree being rendered after full argument upon the pleadings and facts on the 10th day of November, 1887. (3) The court erred in granting the petition for rehearing, because the same was not filed at the next ensuing term of said court, as required by rule 88 governing said court, but, upon the contrary, said petition for rehearing was not filed for two years after the final disposition of said cause, to-wit, the said petition was filed October 4, 1889. Wherefore, petitioner prays that he be granted a new trial, and that upon the hearing the said petition of intervention be denied on the order heretofore made allowing the same to be vacated."

This last motion has been brought on before me as circuit judge, and has been argued and submitted.

The question presented is practically this: Was the decree of November 16, 1887, dismissing the intervention of the Waters-Pierce Oil Company, without prejudice, a final decree? It disposed of the intervention on its merits, leaving the intervenor with no cause before the court; it turned the intervenor out of court, and condemned him to pay costs. That the decree was to be without prejudice meant no more than that the intervenor might institute another suit to enforce his alleged rights, and, at best, might, perhaps, intervene again on the same cause of action in this same cause. A decree is final when it determines the litigation on the merits, and leaves nothing to be done but to enforce by execution what has been determined. See *St. Louis, etc., R. Co.* v. *Southern Exp. Co.*, 108 U. S. 24, 2 Sup. Ct Rep. 6; *Railway Co.* v. *Dinsmore*, 108 U. S. 30, 2 Sup. Ct. Rep. 9; *Ex parte Norton*, 108 U. S. 237, 2 Sup. Ct. Rep. 490. When an intervention under a claim of a prior lien is dismissed, the order as to the intervenor is final. *Gumbel* v. *Pitkin*, 113 U. S. 545, 5 Sup. Ct. Rep. 616. As no appeal could be taken from the decree, it is my opinion that the decree was, in all respects, from the time of its rendition, a final decree. But it is not necessary to go so far in this case; because, at the next term following the decree, a final decree was rendered in the main cause, and then, if not before, it seems clear that all decrees theretofore rendered upon interventions, whether appealable or not, became final. The eighty-eighth equity rule provides "that no rehearing shall be granted after the term at which the final decree of the court shall have been entered and recorded, if an appeal lies to the supreme court; but, if no appeal lies, the petition may be admitted at any time before the end of the next term of the court in the discretion of the court." In the present case, the application for rehearing was not filed until the fourth term of the court after the decree sought to be reopened was rendered, nor until the third term of the court after the final decree in the main cause was rendered; and the petition or application for a rehearing was not admitted by the court until the fifth term after the decree to be reviewed was rendered, nor until the fourth term of the court after the final decree in the main cause was rendered. Un-

der the plain language of the equity rule above quoted, it seems clear that, when the petition for rehearing was admitted by the court, the court was without power or authority to grant the application.

In *Roemer* v. *Simon*, 91 U. S. 149, the supreme court, in considering the effect of equity rule 88 in an appealable case, say: "The court below cannot grant a rehearing after the term at which the final decree was rendered."

Mr. Justice HARLAN, in the case of *Morgan's, etc., Co.* v. *Texas Cent. Ry. Co.*, 32 Fed. Rep. 530, says: "It is an established principle that, except upon bills of review in cases in equity, upon writs of error *coram vobis* in cases at law, or upon motions which, in practice, have been substituted for the latter remedy, no court 'can reverse or annul its own final decision or judgment for errors of fact or law, after the term at which they have been rendered, unless for clerical mistakes; from which it follows that no change or modification can be made which may substantially vary or affect it in any material thing.' "

—Quoting *Sibbald* v. *U. S.*, 12 Pet. 488; *Bank* v. *Moss*, 6 How. 31; *Bronson* v. *Schulten*, 104 U. S. 415; *Schell* v. *Dodge*, 107 U. S. 630, 2 Sup. Ct. Rep. 830; *Phillips* v. *Negley*, 117 U. S. 665, 6 Sup. Ct. Rep. 901; *Cannon* v. *U. S.*, 118 U. S. 355, 6 Sup. Ct. Rep. 1064.

If equity rule 88 is thus absolute with regard to the power of the court to grant a rehearing in equity causes in which an appeal lies, after the term at which the final decree is entered and recorded, it seems to be equally absolute with regard to the power of the court to grant a rehearing in equity causes in which no appeal lies after the next term of the court following the term in which the final decree was rendered. As the court was without power or authority to grant the application, it seems to follow conclusively that the order granting the rehearing, and the subsequent proceedings thereunder, were void. It is therefore ordered, adjudged, and decreed that all the proceedings had in the matter of the Waters-Pierce Oil Company intervention in this cause, since the adjournment of the March term, 1888, be and the same are vacated and annulled. It is further ordered that the Waters-Pierce Oil Company be condemned to pay all costs incurred herein since the March term, 1888, aforesaid.