C. C. TAFT CO. v. CENTURY SAVINGS BANK et al.

(Circuit Court of Appeals, Eighth Circuit. October 21, 1905.)

No. 2,100.

1. BANKRUPTCY—ADJUDICATION OF BANKRUPTCY—RECORD ON APPEAL.

The failure to incorporate any evidence in the record on an appeal from an adjudication of bankruptcy is not ground for dismissal, where it does not appear from the record that any evidence was taken.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. SAME—MODE OF REVIEW—APPEAL.

Under Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], an adjudication of bankruptcy may be reviewed by appeal, although only questions of law are presented for review.

3. COURTS—FEDERAL COURTS—JURISDICTIONAL QUESTIONS.

It is the duty of the Circuit Court of Appeals to take notice of the want of jurisdiction of the court below, where it appears from the record on appeal, whether the question is raised by the parties or not.

4. BANKRUPTCY—INVOLUNTARY PETITION—JURISDICTIONAL ALLEGATIONS.

A petition in involuntary bankruptcy must allege that the defendant owes debts to the amount of $1,000 or over, to bring him within the class of debtors subject to the provisions of the act, as defined by Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat 547 [U. S. Comp. St. 1901, p. 3423]; and the omission of such allegation leaves the court without jurisdiction to make an adjudication.

Appeal from the District Court of the United States for the Southern District of Iowa.

Silas B. Allen and H. F. Dale, for appellant.

Charles A. Dudley and Nathan E. Coffin, for appellees.

E. Dean Fuller, for bankrupt.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge. This was a proceeding instituted by the Century Savings Bank, Todd & Kraft, and S. I. Ettinger, three creditors of N. Benjamin Cohen, to secure an adjudication of bankruptcy against him. Pursuant to the right conferred by section 18, subd. "b," of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]), the C. C. Taft Company, a corporation, and creditor of the alleged bankrupt, duly appeared and pleaded to the petition. Subsequently there was a demurrer filed to the plea, exceptions to the demurrer, amendment of the plea, and final adjudication of the bankrupt. Within 10 days after the judgment of adjudication the C. C. Taft Company duly perfected its appeal to this court.

There is, first, for consideration a preliminary motion filed by the petitioning creditors to dismiss the appeal. They allege two grounds for their motion: First, that the cause was heard on its merits, and the record does not contain the evidence heard on the issues raised by the pleadings; second, that the question presented by the appeal is the revision in matter of law of the proceedings of the bankruptcy court, and therefore to be considered on petition to revise the proceedings pursuant to the provisions of section 24, subd. "b," of the bankruptcy

141 F.—24

act (30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), rather than by appeal. The first ground of the motion involves a misconception of the record. The only entry determinative of what was done is as follows:

"At Des Moines, in said district, on the 10th day of June, A. D. 1904, before the undersigned, judge of said court in bankruptcy sitting, the petition of Todd & Kraft, and others, Des Moines, of the county of Polk and district aforesaid, that N. Benjamin Cohen be adjudged a bankrupt, within the true intent and meaning of the act of Congress relating to bankruptcy, being presented by Dudley & Coffin, attorneys for petitioners, and the same having been heard and duly considered, N. Benjamin Cohen is hereby declared and adjudged a bankrupt accordingly."

Then follows the order of reference to one of the referees in bankruptcy. From the foregoing record entry it appears that the judgment of adjudication went on a consideration of the petition either alone or as modified by the other pleadings. It is probable that with an answer on file a submission of the case on the petition, as this was stated to be, would necessarily imply a submission on the petition in the light of the answer on file with it; in other words, a submission on the pleadings. It is certain that the submission as made was either on the petition alone or on the pleadings in the case, for there is nothing found in the record indicating a submission on evidence adduced, or a submission on the issues joined. The failure, therefore, to incorporate evidence in the record, when there is nothing to show any evidence was taken, affords no ground for dismissing this appeal.

The second reason assigned for dismissing the appeal is also without merit. The judgment appealed from was the final judgment of adjudication. Explicit authority is found for the review of such a judgment by appeal in section 25a of the bankruptcy act, which reads as follows:

"That appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Court of Appeals of the United States, * * * in the following cases, to wit: (1) from a judgment adjudging or refusing to adjudge the defendant a bankrupt. * * * Such appeal shall be taken within ten days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be."

It is true the cases of Dodge v. Norlin, 133 Fed. 363, 66 C. C. A. 425, Plymouth Cordage Co. v. Smith, 194 U. S. 311, 24 Sup. Ct. 725, 48 L. Ed. 992, and In re Plymouth Cordage Co., 135 Fed. 1000, 68 C. C. A. 434, afford authority for the proposition that the judgment appealed from might have been reviewed on a petition for revision pursuant to section 24b of the bankruptcy act, but all these cases clearly recognize that section 25a is also available to any party aggrieved by a judgment adjudging or refusing to adjudge one a bankrupt. It follows that the motion to dismiss the appeal is not well taken.

The assignment of errors presents many questions touching the regularity of the proceedings below, but the view we take of the jurisdictional question suggested in our order of January 13, 1905, requiring appellees to show cause why the adjudication of bankruptcy should not be reversed for want of jurisdiction in the court below, supersedes the necessity of considering them or any of the other questions raised by the

record. The fact that the parties failed to suggest want of jurisdiction to the court below, or to this court, is of no importance. It is the duty of this court, sua sponte, to take notice of want of jurisdiction if the same appears by the record. Chapman v. Barney, 129 U. S. 677, 681, 9 Sup. Ct. 426, 32 L. Ed. 800; Mattingly v. N. W. Virginia Railroad, 158 U. S. 53, 57, 15 Sup. Ct. 725, 39 L. Ed. 894; Yocum v. Parker, 130 Fed. 770, 66 C. C. A. 80, and cases cited.

An inspection of the petition discloses that there is no allegation showing the amount of the bankrupt's indebtedness. Section 4b of the bankruptcy act of 1898 (30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]), as amended by the act of February 5, 1903, (32 Stat. 797, c. 487, § 3 [U. S. Comp. St. Supp. 1905, p. 683]), reads as follows:

"Any natural person, except a wage-earner, or person engaged chiefly in farming or the tillage of the soil, any unincorporated company, and any corporation engaged principally in manufacturing, trading, printing, publishing, mining, or mercantile pursuits, owing debts to the amount of one thousand dollars or over, may be adjudged an involuntary bankrupt upon default or an impartial trial, and shall be subject to the provisions and entitled to the benefits of this act."

From this section it appears that all persons are not subject to the provisions of the bankruptcy act. Wage-earners, or persons engaged chiefly in farming or the tillage of the soil, or persons or corporations not owing debts to the amount of $1,000, are either expressly or by necessary implication excluded.

The District Court, as a court of bankruptcy, is undoubtedly a court of limited jurisdiction. Congress alone had power to determine the subjects over which it might exercise jurisdiction. As said by the Supreme Court in Johnson Company v. Wharton, 152 U. S. 252, 260, 14 Sup. Ct. 608, 38 L. Ed. 429:

"The distribution of the judicial power of the United States among the courts of the United States is a matter entirely within the control of the legislative branch of the government."

It is suggested that the bankruptcy court had jurisdiction over the alleged bankrupt in this case by due service of the subpœna upon him, and over the subject-matter by virtue of the bankruptcy act, which confers upon it plenary jurisdiction in bankruptcy proceedings. But this does not solve the question. It was said by the Supreme Court in Windsor v. McVeigh, 93 U. S. 274, 282, 23 L. Ed. 914, that:

"All courts, even the highest, are more or less limited in their jurisdiction. They are limited to particular classes of actions. * * * Though the court may possess jurisdiction of a cause, of the subject-matter and of the parties, it is still limited in its modes of procedure, and in the extent and character of its judgments. It must act judicially in all things, and cannot then transcend the power conferred by the law. * * * The judgments mentioned * * * (in the cases referred to for illustration) would not be merely erroneous. They would be absolutely void, because the court in rendering them would transcend the limits of its authority in those cases."

To the same effect are the following cases: Ex parte Lange, 18 Wall. 163, 176, 21 L. Ed. 872; Cornett v. Williams, 20 Wall. 226, 250, 22 L. Ed. 254. In the last-cited case it is said:

"The settled rule of law is that, jurisdiction having attached in the original case, everything done within the power of that jurisdiction, when collaterally questioned, is to be held conclusive of the rights of the parties, unless impeached for fraud."

Applying the foregoing principles to the statute under consideration, it appears that Congress limited the jurisdiction of the District Court, as a court of bankruptcy, to cases in which the debtor owes at least $1,000. Cases in which the debtor owes less than that sum are not brought "within the power" of its jurisdiction, and debtors owing less than that sum are not subject to the provisions of the bankruptcy act. It has been held by the Circuit Court of Appeals for the Seventh Circuit that a petition in involuntary bankruptcy must show clearly that the debtor is not a wage-earner or engaged chiefly in farming or the tillage of the soil. In re Taylor, 102 Fed. 728, 42 C .C. A. 1. To the same effect is the decision of this court in Re Plymouth Cordage Company, 135 Fed. 1000, 68 C. C. A. 434, and the decision of the Circuit Court of Appeals of the Fifth Circuit in Beach v. Macon Grocery Company, 120 Fed. 736, 57 C. C. A. 150. We observe no difference in principle between the omission of an averment bringing the debtor without the exception as to wage-earners or persons engaged chiefly in farming or the tillage of the soil and the omission of an averment bringing the debtor within the class which owes debts to the amount of $1,000 or over. These provision are both, in our opinion, jurisdictional, and either of the omissions just mentioned shows that the debtor proceeded against is not within the class of persons subject to the provisions of the bankruptcy act, or subject to the jurisdiction of the court in bankruptcy. The petition in this case was therefore defective in not disclosing that the debtor owed at least $1,000, and for that reason it conferred no jurisdiction upon the court to subject Cohen, the debtor, to the provisions of the act. The decree must therefore be reversed, but, following the practice approved by this court in Re Plymouth Cordage Company, supra, the trial court is directed to permit the petitioning creditors, within a reasonable time, to amend their petition, if they desire, so as to show that the debtor owed at least $1,000, and to permit any other creditors to join with the petitioners, if they desire to do so. If it shall appear that the trial court has jurisdiction over the alleged bankrupt, the other important questions raised by the record, after having been duly considered and passed upon by a court with jurisdiction, may be properly reviewed, if occasion requires it.

The decree is reversed, and the cause remanded for further proceedings in harmony with this opinion.