FLICKINGER v. FIRST NAT. BANK OF VANDALIA, ILL., et al.

(Circuit Court of Appeals, Sixth Circuit. May 1, 1906.)

No. 1,496.

1. BANKRUPTCY—APPEALS—ASSIGNMENTS OF ERROR.

Rule 11 of the Circuit Court of Appeals, (90 Fed. cxlvi, 31 C. C. A. cxlvi), requiring assignments of error to point out the particular errors relied on, is applicable to appeals in bankruptcy, and assignments not conforming thereto are not entitled to be considered; but where a general assignment is made the court is not without jurisdiction, and may permit an amendment.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. SAME—APPEAL BOND.

The fact that the bond given by an alleged bankrupt on appeal from an order of adjudication runs only to the original petitioners, and does not name other creditors, who by intervention joined in the petition, does not affect its sufficiency.

3. APPEAL—INCOMPLETE RECORD.

That the transcript filed on an appeal does not contain all of the evidence upon which the order appealed from was made is not ground for striking it from the files; the proper procedure for the appellee being to suggest a diminution of the record.

4. BANKRUPTCY—WHO MAY BE ADJUDGED BANKRUPT—PERSONS ENGAGED IN EXCEPTED OCCUPATIONS—CONSTRUCTION OF STATUTE.

The exception of persons engaged chiefly in certain occupations from involuntary proceedings in bankruptcy, contained in Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], relates to their occupation at the time the alleged act of bankruptcy was committed, and a person who owned and conducted a farm, and prior to the making of a general assignment, which constituted the alleged act of bankruptcy, had gone out of any other business, is not subject to adjudication as an involuntary bankrupt, although his farm had been sold by the assignee before the filing of the petition against him.

Appeal from the District Court of the United States for the Northern District of Ohio.

T. E. Powell and E. T. Powell, for appellant.

Van Deman, Burkhart & Shea, Cobb, Howard & Bailey, L. C. Barker, W. J. Geer, J. W. McCarron, and C. H. Henkle, for appellees.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge. This cause comes here on an appeal from an order of the district court adjudging Flickinger a bankrupt. Two preliminary motions are made in behalf of the appellees, which were ordered to be argued with the merits. The first is a motion to dismiss the appeal upon these grounds: (1) It is urged that there is no specific assignment of errors. There is but one assignment, which is as follows:

"Now on this 13th day of July, A. D. 1905, came Edward Flickinger, by his attorney, Thomas E. Powell, and says that the judgment in said cause adjudicating said Edward Flickinger an involuntary bankrupt is erroneous and against his just rights, and he assigns the judgment of said district court adjudicating him a bankrupt as manifest error. Wherefore, the said Edward Flickinger prays that the said judgment may be reversed, and said petition in involuntary bankruptcy against him be dismissed."

This is not in compliance with rule 11 of this court (90 Fed. cxlvi, 31 C. C. A. cxlvi), and does not sufficiently indicate the particular error complained of to entitle it to be considered on the appeal. We held in Deering Harvester Co. v. Kelley, 103 Fed. 261, 43 C. C. A. 225, that assignments of error in such general form were insufficient, and we declined to take cognizance of them. But we do not think the court is without jurisdiction of the appeal because of the generality of the assignment. It is not the case of an entire failure to file any assignment, and we think the court has power to allow an amendment when the special circumstances justify it, and the application is promptly made on discovery of the mistake. The appellant makes a counter motion for leave to amend by filing more specific assignments, and shows that in making the former assignment he relied upon and followed a precedent contained in an approved book of forms. We think the motion to amend should be allowed.

The second ground for the motion to dismiss the appeal is only an enlarged statement of the first.

The third ground for the motion is that the bond on the appeal does not run to all of the petitioners for the adjudication. After the original petition was filed, two other creditors filed an intervening petition, having the same object, and the bond makes only the original petitioners obligees. But as all the petitioners make common cause and not separate controversies, and the benefits of the bond will practically come to all, it would seem to be sufficient. The motion to dismiss the appeal is therefore denied.

The appellees moved also that the transcript be stricken from the files. The only ground to which the attention of the court is directed is that it was not submitted to counsel for the appellees, and that none of said counsel for appellees had notice of the filing thereof, and it is urged that the record is imperfect in that it does not contain all the evidence on which the cause was decided, and that what is given is stated in a narrative form, without giving the questions put to the

witnesses. But, supposing there are such defects, and what is omitted is necessary to a proper understanding of the evidence, the remedy proposed is not appropriate. The third paragraph of rule 14 (90 Fed. clvii, 31 C. C. A. clvii) of this court is that:

"No case will be heard until a complete record, containing in itself, and not by reference, all the papers, exhibits, depositions, and other proceedings, which are necessary to the hearing in this court shall be filed."

The appellees should in such case have suggested to the court the defect complained of, and have applied for a certiorari to send up the missing matter. Hudgins v. Kemp, 18 How. 350, 15 L. Ed. 511, 514; United States v. Gomez, 1 Wall. 690, 17 L. Ed. 677; Missouri K. & T. R. R. Co. v. Dinsmore, 108 U. S. 30, 2 Sup. Ct. 9, 27 L. Ed. 640. This motion is also denied.

Upon the merits, the first question arises upon the contention that Flickinger was exempt from bankruptcy proceedings under section 4b of the act of July 1, 1898 (chapter 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]), because he was a person chiefly engaged in farming. The evidence shows that for some years prior to August, 1903, Flickinger resided at Galion, Crawford Co., Ohio, and was actively engaged in the business of the Flickinger Wheel Company, a manufacturing corporation employing a great number of men, and located at that place, of which he was a stockholder, director, the president, and general manager. He had also owned and cultivated a farm in Logan county, which with the implements and stock upon it was sold by the assignee for $21,000, and which was managed by him, or under his direction, and on which he had a house, which was occupied by him and frequently by his family when he visited it for the purpose of giving direction to the cultivation and management of the farm. He went there once or twice a week, and telephoned his orders when he was otherwise engaged. He bought whatever was bought upon the farm, and sold all its products. In August, 1903, the wheel company went into the "Wheel Trust," so called, after which he was not actively occupied in its affairs. In January, 1904, the wheel company went into the hands of a receiver appointed by the court of common pleas of Crawford county. On May 3, 1904, he made a general assignment for the benefit of creditors. The petition in bankruptcy was filed September 2, 1904. Down to the time when he made his assignment, he had made occasional visits to his farm in Logan county, and gave direction regarding its management, much as he had done while managing the business of the Flickinger Wheel Company. He says that he had no other business than farming after his company went into the hands of the receiver, and that he had the sole and exclusive management of the farm thereafter. His statement is not contradicted and is confirmed by other witnesses, and it does not appear that he intended to engage in any other business. It is difficult to see how, after he made a general assignment on May 3, 1904, which, of course, conveyed his farm, he could properly be said to be chiefly engaged in farming. Four months passed before the petition in bankruptcy was filed. We think it could not be held that he was engaged in farming when the petition was filed. The farm was sold on July 17,

1901, by the assignee, who at that time was in control of it. We think the fair conclusion from the facts shown would be that prior to the time when the business of the wheel company went into the hands of the receiver (January, 1904), Flickinger was engaged in two kinds of business—manufacturing and farming—of which the former was the chief; that after that time he was not engaged in that business, and that farming became his chief, in fact his only, occupation, and continued such until his assignment in May, 1904.

The decisive question would therefore seem to be whether section 4b refers to the time when an act of bankruptcy is committed for the purpose of determining the occupation, as some of the courts in bankruptcy have held, or to the time of filing the creditors' petition, which seems to be the natural meaning of the words employed. It was held In re Luckhardt (D. C.) 101 Fed. 807, and In re Mackey (D. C.) 110 Fed. 355, that the time referred to by this exception in the act is the time when the act was done which was the ground of the adjudication. This construction was adopted, because it was thought necessary in order to defeat attempts which bankrupts might make to escape the consequences of their acts by running under the shelter of an excepted occupation. If the language used is fairly susceptible of this interpretation, the argument from inconvenience would justify the proposed construction. This question was presented in the case of In re Pilger (D. C.) 118 Fed. 206, before Judge Seaman, who expressed doubt about it, but passed it by, holding that it was unnecessary to decide it in that case. In the case entitled In re Matson (D. C.) 123 Fed. 743, Judge Archbald, in deciding whether the respondent should be adjudged bankrupt, referred the question of occupation to the time when he was passing upon it; but we do not know whether the question was debated before him or not. Judge Brown, in construing the words in section 4b, which include certain corporations and exclude others from the operation of the law, said:

"These words must be interpreted in the sense in which they are commonly used and received, and not in any strained or unnatural sense, for the purpose of including or of excluding particular corporations."

In re N. Y. & W. Water Co. (D. C.) 98 Fed. 711, 713.

A majority of the court is inclined to think that the statute should be regarded as having reference to the conditions existing at the time when the act of bankruptcy is committed. Upon this construction, the facts would require a finding that the respondent was within the exception.

There are no other questions which require consideration. The order must be reversed, with costs to the appellant.