### In re CRENSHAW.

#### (District Court, S. D. Alabama. October 30, 1907.)

#### No. 493.

1. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—SUFFICIENCY OF PETITION.
    Creditors other than the original petitioners may at any time join in a petition in involuntary bankruptcy, and on so joining subsequent to its filing may be reckoned in making up the number of creditors and amount of claims required by the bankruptcy act to support the petition.

2. SAME—INSOLVENCY.
    In determining the issue as to the solvency or insolvency of an alleged bankrupt, all of the property which he owns is to be reckoned in computing the amount of his assets, except such as he may have transferred or concealed in fraud of creditors, but not excluding property which is exempt from execution by the laws of the state.

3. SAME—BURDEN OF PROOF.
    Where a referee has found that an alleged bankrupt concealed property with intent to hinder, delay, or defraud his creditors, the burden rests upon him to prove his solvency, and it is incumbent on him to clearly show that the aggregate of his property at a fair valuation is sufficient to pay his debts, exclusive of any property so concealed.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 137.]

4. SAME—PETITION—AMENDMENT.
    An allegation in a petition in involuntary bankruptcy that defendant was engaged in trade under a firm name implies that he was not a wage earner nor farmer, and is sufficient to support an amendment expressly alleging such fact.

5. SAME—PERSONS SUBJECT TO INVOLUNTARY PROCEEDINGS—CHANGE OF OCCUPATION.
    Where property was acquired and debts contracted by an alleged bankrupt, while engaged in a mercantile business, he is not exempt from bankruptcy proceedings because he subsequently became a wage earner.

In Bankruptcy. On review of decision of referee.
See 155 Fed. 271.

Stevens & Lyons, for petitioning creditors.
Geo. W. Taylor, for respondent.

TOULMIN, District Judge. The first contention on the part of the respondent is that some of the original petitioners could not institute this proceeding on the ground or suggestion that said petitioners connived at a "fraud on the law," or attempted a fraud on the

other creditors. "It is well settled that creditors who have participated in the act of bankruptcy complained of * * * cannot afterwards be petitioning creditors in bankruptcy; nor can a creditor who connives at a 'fraud on the law' or attempts a fraud on the other creditors institute involuntary proceedings in bankruptcy." Collier's Bkcy. (7th Ed.) 465. The proof here does not show this to be such a case. The payments made to Griel & Co. and to Benish & Meyer were not preferences in contemplation of the bankrutpcy act because the proof shows that at the time of such payments the respondent was solvent and therefore had the right to make said payments. Moreover, such payments are not complained of as acts of bankruptcy in this case. Knapp v. Jarvis Adams Co., 135 Fed. 1008, 70 C. C. A. 536. But, assuming that the rule invoked applied to this case as originally instituted, it would have no effect now because a sufficient number of creditors other than the original petitioners have entered their appearance and joined in the petition. Creditors other than the original petitioners may, at any time, enter their appearance and join in the petition, and creditors so joining in a petition subsequent to its filing may be reckoned in making up the number of creditors and amount of claims required by the act to support the petition. Bankr. Act July 1, 1898, § 59, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3445]; In re Romanow et al. (D. C.) 92 Fed. 510. As to the contentions based on the alleged nonprovability of the claims of the original petitioners, and that said claims were unliquidated, and that attachments had been sued out on them, they need not now be considered. They are all answered by the rule of law last referred to—that creditors other than the original petitioners have joined in the petition, and may be reckoned in making up the number of creditors and amount of claims required by the act to support the petition.

As suggested by counsel for the respondent, the vital question in this case is solvency or insolvency. A person shall be deemed insolvent within the provision of the bankrupt act whenever the aggregate of his property, exclusive of any property which he may have transferred or concealed with intent to defraud, hinder or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts. Bankr. Act, § 1. In determining the issue as to the solvency or insolvency of the respondent, all the property which he owns is to be reckoned in computing the amount of his assets, except such as he may have transferred or concealed in fraud of creditors, but not excluding property which is exempt from execution by the laws of the state. In re Baumann (D. C.) 96 Fed. 946; In re Hines (D. C.) 144 Fed. 142; In re Rome Planing Mill Co. (D. C.) 99 Fed. 937. The burden of proving insolvency rests upon the respondent, and it is incumbent upon him, the referee having found that he has concealed property with intent to hinder, delay, or defraud his creditors, to clearly show to the court that the aggregate of his property, at a fair valuation, was sufficient in amount to pay his debts, exclusive of any property which he had concealed with the intent to hinder, delay, or defraud his creditors. Section 1, subd. 15, Bankr. Act.

A further contention is that the petition does not allege that the

respondent was not a wage earner or farmer, and therefore it is insufficient. The original petition alleges that the respondent was engaged in trade under the firm name and style of Crenshaw & Co., which clearly implies that he was engaged in some mercantile pursuit, if it does not affirmatively show that he was not a wage earner or farmer. But the amended petition does affirmatively allege that respondent was engaged in trade as a merchant, and that the debts incurred by him, and for the collection of which this proceeding in bankruptcy was instituted, were incurred while engaged in the occupation of a merchant in trade, and that the property alleged to have been transferred and concealed was property acquired and owned by him as such merchant. He may have subsequently become a wage earner; but it has been said that the exemption from involuntary proceedings in favor of wage earners is not intended as a means of escape for insolvents whose property was acquired and whose debts were incurred in other occupations recently engaged in. In re Luckhardt (D. C.) 101 Fed. 809; In re Mackey (D. C.) 110 Fed. 361. If the original petition was defective in the respect referred to, such defect has been cured by the amendment. The right to amend the petition can go to the extent of bringing forward and making effective that which is in some form already in the record. In re Mercur, 122 Fed. 384, 58 C. C. A. 472. The amendment did not state a new case, nor change the case made in the original petition. There was no new act of bankruptcy alleged in the amendment, but one of the acts as set forth in the original petition was somewhat amplified, and was more specific in detail as to the facts constituting the alleged concealment of property by respondent with the intent to defraud, hinder, or delay his creditors.

The referee's finding and report on the question whether the respondent was solvent or insolvent at the date of the filing of the petition, and also of the alleged act of concealment of property by him, based on the examination of witnesses, will not be set aside by the court on review, unless plainly contrary to the evidence. In re Rider (D. C.) 96 Fed. 811; In re Covington (D. C.) 110 Fed. 143; In re Rome Planing Mill, supra; In re Waxelbaum (D. C.) 101 Fed. 228; In re Stout (D. C.) 109 Fed. 794.

No sufficient reason has been shown for disturbing the finding of the referee. On the contrary, the court concurs in the opinion and conclusions of the referee both as to the law and the facts presented by the record in the case.

The order of adjudication is affirmed.