## In re BURGIN.

(District Court, N. D. Alabama, N. D.   September, 1909.)

BANKRUPTCY (§ 68*)—INVOLUNTARY PROCEEDINGS—PERSONS WHO MAY BE ADJUDGED BANKRUPT—OCCUPATION.

Under Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423), providing that "any natural person, except a wage-earner, or a person engaged chiefly in farming or the tillage of the soil, * * * may be adjudged an involuntary bankrupt," the status of an alleged bankrupt as to his occupation is to be determined as of the period when he contracted the debts to be proved and acquired the property to be administered, and where he was at that time engaged in mercantile

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pursuits he cannot defeat the operation of the law by thereafter engaging in an exempt occupation.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 68.*

What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

In the matter of one Burgin, alleged bankrupt. On exception to report of special master. Order of adjudication entered.

C. B. Powell and J. W. Tomlinson, for bankrupt.

A. Leo Oberdorfer, for petitioning creditors.

GRUBB, District Judge. The exceptions to the report of the special master are based upon the proposition that the alleged bankrupt, at the time of the commission of the act of bankruptcy, and at the time of the filing of the petition of bankruptcy, was chiefly engaged in farming, and for that reason exempt from being adjudicated a bankrupt. It may be conceded that the burden of proving that the bankrupt was not a person chiefly engaged in farming was upon the petitioning creditors. In the view taken by the court, this would seem to be of little consequence, as the only evidence submitted was the examination of the alleged bankrupt, and the facts were without conflict. The facts show that, at least until May 7, 1904, the date of the sale of the bankrupt's stock of goods, the bankrupt was principally engaged in mercantile pursuits, and not in farming. The debts of the bankrupt were contracted during the period of, and for the benefit of, his mercantile venture. His assets, consisting largely of real estate, or part of them, may be fairly inferred, from the examination and exhibits, to have been acquired during the period he was engaged in trading, and concededly were owned by him during that period, and credit in his mercantile venture extended on the faith of such ownership.

The controlling legal question is whether one concededly engaged in mercantile pursuits, and not chiefly in farming, during the period when the debts scheduled were contracted, and the assets scheduled acquired or owned, is exempt from adjudication, by reason of a change of occupation thereafter to one of the exempt pursuits. Subdivision "b" of section 4 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]) provides that:

"Any natural person, except a wage earner, or a person engaged chiefly in farming or the tillage of the soil, * * * may be adjudged an involuntary bankrupt."

The act itself does not otherwise specify the time when the status of the bankrupt is to be determined. Some of the District Courts have construed it to refer to the time of the commission of the act of bankruptcy, rather than of the filing of the petition, going upon the idea that the law should not be so construed as to permit the bankrupt, by a change of occupation between the commission of the act of bankruptcy and the filing of the petition, to defeat the operation of the law. The same reasoning would seem to demand a construction of the law that would prevent the bankrupt from incurring debts and acquiring assets in a nonexempt occupation, and then by ceasing to do business in such

occupation, and engaging in an exempt occupation, and thereafter committing an act of bankruptcy, to defeat the operation of the law. This construction would require that the status of the bankrupt in this respect be determined as of the period during which he was engaged in the business in which he contracted the debts and acquired or owned the assets subject to administration.

This construction of the subdivision is that adopted by the District Court of the Southern District of Alabama in the case of In re Crenshaw, 19 Am. Bankr. Rep. 505, 156 Fed. 638, and by the District Court of the Middle District of Pennsylvania in the case of Tiffany v. Condensed Milk Co., 15 Am. Bankr. Rep. 413, 141 Fed. 444, and is adhered to by this court. In the case of In re Crenshaw, supra, Judge Toulmin, speaking about the sufficiency of a petition, which alleged that the bankrupt was engaged in trade when the debts were incurred on which the proceeding was based and the property subject to administration in bankruptcy was acquired and owned, and did not allege that the bankrupt was not engaged chiefly in farming or tillage of the soil, or in wage earning, said:

"But the amended petition does affirmatively allege that respondent was engaged in trade as a merchant, and that the debts incurred by him, and for the collection of which this proceeding in bankruptcy was instituted, were incurred while engaged in the occupation of a merchant in trade, and that the property alleged to have been transferred and concealed was property acquired and owned by him as such merchant. He may have subsequently become a wage earner; but it has been said that the exemption from involuntary proceedings in favor of wage earners is not intended as a means of escape for insolvents whose property was acquired and whose debts were incurred in other occupations recently engaged in. In re Luckhardt (D. C.) 4 Am. Bankr. Rep. 307, 101 Fed. 809; In re Mackey (D. C.) 6 Am. Bankr. Rep. 577, 110 Fed. 361. If the original petition was defective in the respect referred to, such defect has been cured by the amendment."

In view of this conclusion, it becomes unimportant to determine whether the bankrupt was chiefly engaged in farming from May 7, 1904, until the commission of the act of bankruptcy, or the filing of the petition.

An order adjudicating the respondent a bankrupt will be entered.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.