## In re FOLKSTAD.

(District Court, D. Montana. October 4, 1912.)

No. 811.

1. BANKRUPTCY (§ 67*)—ACT OF BANKRUPTCY—EXCEPTED PERSONS.

Under Bankr. Act July 1, 1898, c. 541, 30 Stat. 545 (U. S. Comp. St. 1901, p. 3418), excepting certain persons from adjudication, such persons cannot commit an act of bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 17, 18, 86, 87; Dec. Dig. § 67.*

What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank of Mattoon v. First Nat. Bank of Mattoon, 42 C. C. A. 4.]

2. BANKRUPTCY (§ 56*)—ACT OF BANKRUPTCY—TIME.

An act of bankruptcy is such when it is committed, or not at all: and if the act is committed by one who then is not of the class that the law permits to be adjudicated an involuntary bankrupt, it can furnish no subsequent basis for involuntary proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 61-65, 67, 68; Dec. Dig. § 56.*]

3. BANKRUPTCY (§ 68*)—ACT OF BANKRUPTCY—EXEMPT OCCUPATIONS.

One who contracts debts while engaged in a nonexempt occupation, and thereafter changes to an exempt occupation, and commits an act which in a nonexempt occupation would be an act of bankruptcy, is not subject to adjudication as an involuntary bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 18, 86, 87; Dec. Dig. § 68.*]

In Bankruptcy. In the matter of Charles L. Folkstad, alleged bankrupt. On involuntary petition for adjudication. Dismissed.

Wight & Pew, of Helena, Mont., for petitioning creditors.

Charles L. Folkstad, of Culbertson, Mont., pro se.

BOURQUIN, District Judge. This is a proceeding for an adjudication of involuntary bankruptcy against Charles L. Folkstad.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The petition in usual form was filed May 13, 1912, alleging an act of bankruptcy on May 10, 1912, and debts incurred by respondent prior to December, 1911, while engaged in the mercantile business. Respondent's answer is that in November, 1911, he executed a trust deed of his mercantile business, and delivered said business to the trustee named in said deed, who at all times hitherto was and is in charge and possession thereof, and that he (respondent) at all times since November, 1911, was and is engaged chiefly in farming and tillage of the soil. The proceedings were set down for final hearing on the petition and answer.

Petitioners contend that, since it appears the debts involved were incurred while respondent was engaged in the mercantile business, his subsequent change of occupation and his occupation when the alleged act of bankruptcy was committed are immaterial, and he is still subject to be adjudicated a bankrupt—citing In re Burgin (D. C.) 173 Fed. 726; In re Crenshaw (D. C.) 156 Fed. 638. In re Burgin clearly so holds, but it would seem that therein it is not justified by the cases on which it relies. In re Crenshaw merely determines that one who incurs debts in an occupation subject to adjudication of bankruptcy cannot escape by changing to an exempt occupation. It does not hold, however, that, if the alleged act of bankruptcy is committed only after such change, involuntary proceedings will lie; and the cases therein relied on merely decide that a change to an exempt occupation *after* an act of bankruptcy is committed affords no defense to involuntary proceedings.

[1] The law of bankruptcy is what Congress has made it, and not what expediency and convenience might desire it. The statute is clear and unambiguous. It declares that certain persons, having committed an "act of bankruptcy," may on petition filed within four months thereafter be adjudged involuntary bankrupts. It expressly excepts persons engaged chiefly in farming or tillage. The effect is that these excepted persons cannot commit an "act of bankruptcy." An act is an "act of bankruptcy" for the reason that he who commits it can because thereof be adjudicated an involuntary bankrupt.

[2] It is an "act of bankruptcy" when the act is committed, or not at all. If the act is committed by one who then is not of the class that the law says may be adjudicated an involuntary bankrupt, it is not an "act of bankruptcy," and furnishes no foundation for involuntary proceedings.

No former occupation can make the act of an exempt person an "act of bankruptcy." No subsequent change of occupation can deprive the act of a nonexempt person of its quality as an "act of bankruptcy." The act takes color only from the bona fide occupation of the actor at the time it is committed, and not from his occupation prior or subsequent thereto. Otherwise, a farmer of ten years' standing might be adjudicated an involuntary bankrupt because of debts incurred prior thereto in the vocation of merchant.

By analogy, in reference to the time when insolvency is material, see West Co. v. Lea, 174 U. S. 598, 19 Sup. Ct. 836, 43 L. Ed. 1098.

[3] One who incurs debts in a nonexempt occupation, changes to an exempt occupation, and thereafter commits an act that in a nonexempt occupation would be an "act of bankruptcy," is not subject to adjudication of involuntary bankruptcy because thereof, and of such debts still existing, or at all. It was so determined in Flickinger v. Bank, 145 Fed. 162, 76 C. C. A. 132, and certiorari was denied in same case, 203 U. S. 595, 27 Sup. Ct. 783, 51 L. Ed. 332.

Decree will be entered in usual form, dismissing the petition, with costs to respondent.