## In re HARRIMAN.

District Court, S. D. New York.
March 14, 1939.

Garey & Garey, of New York City, for petitioning creditors.

Harold S. Glendening, of New York City (Mathias F. Correa, of New York City, of counsel), for alleged bankrupt.

Conboy, Hewitt, O'Brien & Boardman, of New York City (Bernard Sobol and Hobart L. Brinsmade, both of New York City, of counsel), for receiver of Harriman Nat. Bank & Trust Co., creditor.

Morris Ehrlich, of New York City, for Milton I. Hauser, creditor.

Lamar Hardy, U. S. Atty., of New York City (Irving C. Rutter, of New York City, of counsel), for Collector of Internal Revenue.

HULBERT, District Judge.

This proceeding was instituted on February 16, 1938, by the filing of an involuntary petition which was subsequently dismissed on motion. Thereafter, an amended petition was presented April 8, 1938, filed nunc pro tunc as of the date of filing the original petition.

The act of bankruptcy alleged is that on October 18, 1937, Frederick V. Goess, as receiver of the Harriman National Bank and Trust Company of the City of New York, commenced an action in the New York Supreme Court in New York County in which he, as an execution creditor of Harriman, sought to reach equitable assets in certain life insurance policies and certain shares of stock, and by reason of the commencement of that action and a counterclaim interposed by the trustee in bankruptcy of JAMA Realty Corporation, another judgment creditor of the alleged bankrupt, the receiver and the trustee obtained liens upon the equitable assets of the alleged bankrupt. Harriman and the receiver each interposed an answer herein. Neither denied the act of bankruptcy alleged, but set up that Harriman was and

had been a wage-earner since September, 1936. That was the sole issue referred.

On the hearing before the Special Master the petitioning creditors appearing offered no proof. It is obvious that some arrangement was made by the petitioning creditors and the preferred creditors.

Testimony was offered and not denied that Harriman had entered the employ of the Harriman-Corcoran Motors, Inc., in September, 1936, as a salesman at a flat salary of $25 per week, and had continued in that position at all times up to and including the date of hearing before the Special Master. When the evidence was all in, the United States Attorney for the Southern District of New York, appearing as counsel for the Collector of Internal Revenue, Second District of New York, who had a tax claim against the alleged bankrupt, requested and was granted permission to file a brief on behalf of the Collector.

In that brief he asserted that he could produce evidence to the effect that certain relatives of the alleged bankrupt and his wife gave to the latter an allowance which supplemented the insufficient salary of the alleged bankrupt to pay the rent of the apartment which he and his wife occupied, as well as for their sustenance.

The Referee held that the bankrupt was a bona fide wage-earner, earning less than $1,500 per year, and that his occupation was exclusive, and that the evidence which the United States Attorney sought to produce was not material and that it followed as matter of law that the alleged bankrupt was not subject to adjudication. Title 11 U.S.C. § 22(b), 11 U.S.C.A. § 22, sub. b.

■ Counsel for the government further contended that the occupation of the alleged bankrupt at the time his liabilities accrued, rather than at the time of the act of bankruptcy, should be the determinative factor. This, the Referee held, is contrary to the weight of authority.

Counsel for the government has prepared an ingenious analysis of the cases, classifying those in which the bankrupts' status for purposes of exemption have been determined (a) when the liabilities were incurred, (b) when the act of bankruptcy occurred, and (c) when the petition was filed against him, and relies, inter alia, upon In re Burgin, D.C., M.D.Ala.1909, 173 F. 726, and In re Crenshaw, D.C., S.D.

Ala.1907, 156 F. 638. These cases appear to have been thoroughly analyzed and disapproved in the case of In re Folkstad, D. C., 199 F. 363, In re Wakefield, D.C., N. D.Cal.1910, 182 F. 247, certain remarks obiter give apparent support to the position of the Collector, but the same Court In re Gainfort, D.C., N.D.Cal.S.D.1936, 14 F.Supp. 788, held 14 F.Supp. at page 792: "It is settled that the time the act of bankruptcy occurred is the time at which [the] status is to be determined." Cf. Flickinger v. First National Bank, 6 Cir., 1906, 145 F. 162, certiorari denied, 203 U. S. 595, 27 S.Ct. 783, 51 L.Ed. 332.

However, it seems unnecessary to review at length the conflicting authorities upon this question. By the amendment to Section 4 of the National Bankruptcy Act, 11 U.S.C. Section 22, 11 U.S.C.A. § 22, also known as the Chandler Act, effective September 22, 1938, the following sentence was added: "The status of an alleged bankrupt as a wage earner or farmer shall be determined as of the time of the commission of the act of bankruptcy."

While I do not accede to the argument that Section 6, sub. b of the Chandler Act, 11 U.S.C.A. § 1 note, and the construction of it in the case of In re Old Algiers, Inc., Debtor, 2 Cir., 100 F.2d 374, make it applicable here, I do feel that the Congress is presumed to have been cognizant of the conflict of authority and added the sentence above quoted to make the application of the status of a wage-earner or farmer definite and certain as to time, and that by analogy it may be applied here in principle.

■ The bankrupt has meanwhile filed a voluntary petition, and counsel for the government now urges that he should not be permitted to thus aid in the accomplishment of the objective of the preferred creditors, which, of course, would be defeated if the involuntary petition were sustained. But the Congress makes laws and the courts interpret them. The same section which authorizes the filing of an involuntary petition (22, sub. b) also authorizes the filing of a voluntary petition (22, sub. a). An involuntary petition can not be successfully maintained against an alleged bankrupt except upon proof of insolvency, but a natural person may file a petition in bankruptcy though solvent if he chooses to make distribution of his assets in that manner. Hanover National Bank v. Moyses, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113.

If an alleged bankrupt belonged to one of the exempt classes, he could not be legally adjudged bankrupt on default though he may have filed a voluntary petition, if he chose so to do (In re Taylor, 7 Cir., 102 F. 728), and the mere pendency of an involuntary petition does not deprive the court of jurisdiction to entertain a voluntary petition and adjudicate thereunder. International Silver Company v. New York Jewelry Company, 6 Cir., 233 F. 945.

The government apparently did not learn of the existence of this proceeding, although it had been pending for several months, until it was about to be terminated. There is some significance in the fact that the corporation apparently regarded the alleged bankrupt's name as a valuable element in the selection of its corporate title, although offering him at the same time employment in a minor capacity, and the government now asserts that it is in a position to offer substantial proof, knowledge of which has only lately been acquired through an examination of the bankrupt in income tax proceedings, that Harriman's employment as a wage-earner is not bona fide. To that extent alone, the matter may be referred back to the Special Master if it is desired to offer such proof, and the issue will be so limited in the order of reference. Otherwise the report will be confirmed.