## In re BAUMANN.

(District Court, W. D. Tennessee, W. D. October 10, 1899.)

INVOLUNTARY BANKRUPTCY—ISSUE OF INSOLVENCY—EXEMPT PROPERTY AS ASSETS.

On the trial of a contested petition in involuntary bankruptcy, in determining the issue as to the solvency or insolvency of the respondent, within the meaning of Bankr. Act 1898, § 1, subd. 15, all the property which he owns is to be reckoned in computing the amount of his assets,

except such as he may have transferred or concealed in fraud of creditors, but not excluding property which is exempt from execution by the laws of the state.

In Bankruptcy.

W. K. Poston and Frank Zimmermann, for petitioning creditors.

J. M. Gregory, for respondent.

HAMMOND, J. The question is made on an exception to the evidence, and by asking an instruction to the jury, whether property exempt under the state statute from execution at law is to be reckoned in balancing the property and debts upon the issue of solvency or insolvency, as made by a contested petition in bankruptcy. It is entirely true, as stated by Mr. Justice Bradley in Re Bass, 3 Woods, 382, Fed. Cas. No. 1,091, "that exempted property constitutes no part of the assets in bankruptcy, and that the assignee acquires no title to exempted property." Nevertheless it does not follow that it is not to be counted when determining the question whether he be solvent or insolvent. It is not a question of what constitutes assets in a court of bankruptcy, for that has not been reached as yet, but what constitutes a solvency that shall escape a condition of bankruptcy and the bankruptcy court. The bankruptcy statute provides, in section 1, subd. 15, as follows:

"A person shall be deemed insolvent within the provisions of this act whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, with intent to defraud, hinder or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts."

This is probably as arbitrary a provision as is to be found in the statute. It was intended to wipe out, as with a sponge, all that confusion which is to be found in previous bankruptcy statutes and decisions as to the meaning of the word "insolvency." It had also the more comprehensive purpose of designating with absolute fixity the only class of persons upon whom the involuntary features of the bankruptcy statute should operate, namely, those whose property was not sufficient in amount to pay their debts. It does not proceed upon any theory that the debts will in fact be paid by the appropriation of the property to that end, nor upon the theory that as a matter of fact it is available for compulsory payment, but upon the theory that the defendant has sufficient property with which he may pay his debts if he chooses to do so. It would destroy the fixity of the statutory definition if an inquiry were permitted as to the more or less difficulty there might be in making the property available under legal compulsion, and it would reintroduce into the law of bankruptcy as much or more confusion about the meaning of the word "insolvency" than existed before congress determined to put the meaning of that term beyond all question. Moreover, the language of the above-quoted section is explicit. There is not the least ambiguity about its meaning. It leaves no room for any construction by implication or otherwise. Obviously, it was intended to give us a rule in mathematics, the terms of which are absolute. Congress had the most plenary power to so limit the operation of the bankruptcy statute,

and, looking to the perplexities of the subject, public policy requires that effect shall be given to the statute as it is written. The learned Judge Ware remarked, in construing our bankruptcy act of 1841, "that it is a rule in the construction of all statutes that when the statute covers the whole case, in all its circumstances, and makes no exceptions, none can be made by the court." In re Marwick, 2 Ware (Dav. 229) 233, Fed. Cas. No. 9,181. This wise rule is commended everywhere. Mr. Justice Lamar, in Lake Co. v. Rollins, 130 U. S. 662, 670, 9 Sup. Ct. 652, thus expresses it:

"To get at the thought of the meaning expressed in a statute, a contract, or constitution, the first resort in all cases is to the natural signification of the words, in the order of grammatical arrangement in which the framers of the instrument have placed them. If the words convey a definite meaning, which involves no absurdity, nor any contradiction of other parts of the instrument, then that meaning, apparent on the face of the instrument, must be accepted, and neither the courts nor the legislature have the right to add to it or take from it. So, also, where a law is expressed in plain and unambiguous terms, whether those terms are general or limited, the legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction."

If congress had intended to exclude from the terms of this definition property exempted by law from execution, the phrasing of the statute would have contained the exception either explicitly or by necessary implication,—as if the statute had used the phrase, "the aggregate of his property subject to execution at law," or "the aggregate of his property available for the payment of his debts," or "the aggregate of his property, except such as is exempted by law"; and it is most natural that the language of the statute should have taken some such form if it had been the intention to exclude from the count the value of the exempted property. It might have been best for congress to have made that exception, but it is neither absurd nor in any sense unwise that it should, in the furtherance of its determination to give us a fixed rule, have made no exception at all. Again, the statute does in fact contain in its language one particular exception, and it contains no more. If another exception had been intended, it would have been expressed along with that which was significantly declared. So, taking it all together, there seems to be no occasion for any construction by implication, but a necessity for following the ordinary rule laid down by Mr. Justice Lamar in the quotation above given.

One of the learned counsel (Mr. Zimmermann) suggests that this exempted property should be excluded because, being a homestead, it is not under the control of the defendant. He cannot sell it or use it in payment of his debts without the consent of his wife. But we all know that a complaisant wife generally will do what a good husband asks her to do in such matters; and in this very case his counsel, Mr. Gregory, undertakes that the defendant shall procure his wife to sign a deed that shall convey the homestead to a trustee in bankruptcy, if one should be appointed in this case, or to otherwise convey it in trust to pay these debts. This incident itself illustrates the confusion that might enter into the consideration of the question if we should once break down the rule by admitting the

exception now suggested; and at another time some other equally plausible exception may be suggested,—such, for example, as that equitable assets should not be counted, but only those which are legal and leviable at law,—so that from time to time we would incorporate, now one exception, and then another, until the test of solvency would become that prescribed by the particular judge, and not that furnished us by congress. Our inquiry would be complicated with a multitude of collateral investigations of the status of each parcel of property to determine, if it be available, by compulsory process, for the uses of creditors; and our rule in mathematics would become a veritable pons asinorum to the juries and the judges. It is my opinion that no exception can be made but that very one which is found in the statutory definition, and that consequently the value of the homestead must be included in the aggregate of the defendant's property, notwithstanding its exemption from execution at law. Although not leviable, it may be used voluntarily for the payment of these debts, which is enough to satisfy the statute. Ruled accordingly.