In the Matter of Allan Marshall BLACK, and Reba Norian Black, Individ-ually, Bankrupt.

No. 16947.

United States District Court
E. D. Virginia, Norfolk Division.

Oct. 29, 1956.

**690**

J. Randolph Davis, Norfolk, Va., for Archie L. Boswell, Trustee in Bankruptcy.

Howard I. Legum, Norfolk, Va., for Bertha H. Lettres.

HOFFMAN, District Judge.

The husband and wife herein involved filed separate voluntary petitions in bankruptcy, and the causes were consolidated by order of the Referee in Bankruptcy as common questions of law and fact were presented.

■■ One Bertha H. Lettres obtained a judgment against both the husband and wife on May 3, 1955, which lien, by virtue of the provisions of § 8–386 of the Code of Virginia 1950, related back to March 14, 1955, the first day of the term of court. The Trustee in Bankruptcy has objected to a petition for abandonment filed by Lettres as the judgment creditor holding a lien against real estate owned by the now bankrupts. As bankruptcy occurred on June 15, 1955, the lien would be void under § 67, sub. a(1) of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. a(1), if the bankrupts were insolvent as of March 14, 1955, the effective date of the lien.

The Referee entered an order sustaining the lien of Lettres and holding that the bankrupts were solvent as of May 3, 1955. The Referee's certificate of review, however, acknowledges the doctrine of relation back to the effective date of the lien and points out that the crucial date to determine solvency or insolvency is March 14, 1955. The Referee, in concluding that the bankrupts were solvent on the date stated, treated the matter on a consolidated or joint balance sheet. The Trustee urges that joint debts should be counted in full as liabilities against each individual bankrupt, but that assets held as tenants by the entireties with the right of survivorship as at common law should be divided equally between husband and wife.

The real estate owned by the husband and wife on March 14, 1955, was valued at $9,500. The deed showing the conveyance of this property to the now bankrupts indicates that the grantees acquired said property as tenants by the entireties with the right of survivorship as at common law. In effect, the husband owned the entire property, but so did the wife. Neither could sell without the other. It was legally an asset of both the husband and the wife. In re Beihl, D.C., 197 F. 870, 28 Am.Bankr.Rep. 310; Collier on Bankruptcy, 14th Ed., Vol. 4, § 70.17, p. 1035; Vasilion v. Vasilion, 192 Va. 735, 66 S.E.2d 599. The husband and wife are each seized of the undivided whole of the estate. Phillips v. Krakower, 4 Cir., 46 F.2d 764, 17 Am.Bankr.Rep.,N.S., 231. The Trustee contends that, even if the foregoing rule be correct, there would be no marketable asset value of an undivided interest, as any value is conditioned on one spouse surviving the other. But the Vasilion case points out that the entirety is liable for the joint debts of both spouses and is reachable against them by proper process and, contrary to the Trustee's argument. Vasilion gives no indication that the marketable asset is destroyed.

While technically the Referee was in error in treating these cases under a consolidated balance sheet, the result is the same. The husband and wife are each entitled to an asset of $9,500 as to the real estate in determining solvency as of March 14, 1955. This may appear somewhat ridiculous but if each has the undivided whole of the estate, it follows that it is an asset as to each. Matter of

Utz, D.C., 7 F.Supp. 612, 26 Am.Bankr. Rep., N.S., 302.

It is conceded that the household furniture valued at $365 and the automobile valued at $270 were jointly owned in common but not by entireties. These values should be divided equally.

The Referee erroneously charged as liabilities certain attorney's fees, fines, and court costs accrued under a note providing for same. While these obligations had been incurred prior to May 3, 1955, they were not in effect on March 14, 1955, the crucial date for determination of solvency. The evidence reveals that the note was turned over to an attorney subsequent to March 14, 1955, and the record is silent as to when the fines were imposed. Attorney's fees may only be considered as a liability when the holder places the note in the hands of an attorney for collection. Cox v. Hagan, 125 Va. 656, 100 S.E. 666. It follows that the fines ($81.04), the attorney's fees ($121.57), and court costs ($2.00) should be eliminated as liabilities with respect to both husband and wife, although these items are provable as claims against the bankrupt estates.

There remains for consideration an item of $3,310.00 due the Norfolk Savings and Loan Corporation, same being the balance due under the terms of a conditional sales contract covering certain fixtures purchased by bankrupts from Virginia Fixtures, a partnership. This contract was financed through the Loan Corporation. In February, 1954, Virginia Fixtures, without the knowledge or consent of the financing institution, but with the consent of the now bankrupts, repossessed the fixtures and sold same to a third party. At the time of this transaction, Virginia Fixtures, the partnership, executed a release reciting that the fixtures had been returned by the now bankrupts and Virginia Fixtures agreed to save harmless the husband and wife from any claim of Norfolk Savings and Loan Corporation. The Referee correctly concluded that the balance sheet should

carry an offsetting equal asset by reason of the partnership guaranty under the authority of Wingert v. President, etc., of Hagerstown Bank, 4 Cir., 41 F.2d 660. The Trustee urges that, in April, 1956, a corporation known as Virginia Fixtures, Incorporated, was adjudicated a bankrupt, but the offsetting claim of the Trustee is not against this corporation; it is, in fact, a claim against Charles Cohen and Pearl Cohen, copartners trading as Virginia Fixtures.

Eliminating the offsetting item as aforesaid, and deducting the attorney's fees, fines, and court costs, the assets and liabilities as of March 14, 1955, are as follows:

| Husband | Assets | Wife |
|---|---|---|
| $9500.00 | Real Estate | $9500.00 |
| 182.50 | Automobile | 182.50 |
| 135.00 | Household furniture | 135.00 |
| $9817.50 | Total Assets | $9817.50 |

The liabilities, all of which are jointly owed by husband and wife, including the judgment of Lettres and a first deed of trust upon the real estate owned by the entireties, aggregate $9,704.21. It follows that the husband and wife were each solvent as of March 14, 1955.

The crux of this case lies in a determination of whether an estate by the entireties should be considered as an asset in determining the question of solvency on a given date. It is immaterial that husband and wife have each filed separate but simultaneous petitions in bankruptcy. If either had filed alone, the result would be the same. It is well settled that such items as exempt property should be included as assets in determining solvency. Remington on Bankruptcy, 5th Ed., Vol. 4A, § 1691, p. 177. For the purpose of defining the word "property" under subdivision (19), § 1 of 11 U.S.C.A., it is stated that "property" is not limited to property available to pay a bankrupt's debts, and apparently it

**692**

.was the intent of Congress to exclude only such property as may have been conveyed, transferred, concealed, removed, or permitted to be concealed or removed, with intent to defraud, hinder, or delay creditors, in arriving at a fair valuation sufficient in amount to pay the debts. The case of In re Baumann, 6 Cir., 96 F. 946, 949, is typical of how the courts treat exempt property in determining solvency. In holding that a homestead was not under control of the husband and that he could not sell it or use it in payment of his debts without the consent of his wife, the court said:·

> "It is my opinion that no exception can be made but that very one which is found in the statutory definition, and that consequently the value of the homestead must be included in the aggregate of the defendant's property, notwithstanding its exemption from execution at law. Although not leviable, it may be used voluntarily for the payment of these debts, which is enough to satisfy the statute."

This Court is unable to conclude that an estate by the entireties should be treated in any different category. It admittedly creates an unusual situation which is apparently without precedent, but when it is realized that the real estate involved herein could have been sold by the voluntary act of both husband and wife, with the proceeds used to apply on the debts of either, the reasoning appears to be sound.

Disagreeing with the Referee as to his treatment of the matters under a consolidated or joint balance sheet due to the fact that such practice would establish a dangerous precedent in determining solvency of a husband and wife, the Court concludes that the result arrived at by the Referee was correct and that the order entered on the 1st day of December, 1955, should be modified to refer to the date of March 14, 1955, rather than May 3, 1955, as the date of determination of solvency.