Nettie Mae MOORE, Plaintiff,

v.

C. W. GLOTZBACH, District Director of Internal Revenue, et al., Defendants.

No. 3125.

United States District Court
E. D. Virginia,
Norfolk Division.
Oct. 27, 1960.

L. S. Parsons, Jr., Norfolk, Va., for plaintiff.

Joseph S. Bambacus, U. S. Atty., Richmond, Va., for defendants.

WALTER E. HOFFMAN, District Judge.

The issue in this case is whether the United States, acting through its District Director of Internal Revenue, may require the tenant of property, owned as tenants by the entireties with the right of survivorship as at common law, to pay to the Internal Revenue Department, pursuant to a notice of levy, the rental due on said property; federal taxes being due and unpaid by one of the tenants by the entireties. Stated otherwise, the question presented is whether rents, which are derived from realty held by husband and wife as tenants by the entireties, are subject to a judgment creditor's levy against the lessee of said property for the debt of the husband only.

No issue has been submitted to the Court as to whether said property is rented furnished and, if so, what proportion of the rental should be properly allocated to personal property contained within the realty; nor is the ownership. of such personal property, if any, involved herein. Moreover, the Court is not concerned with the validity of the instrument creating the tenancy by entirety which, according to Virginia law, is presumed to be fraudulent. First National Bank of Lawrenceville v. House, 145 Va. 149, 133 S.E. 664.

The law of Virginia, which controls this decision, is silent on the right of parties to hold personal property as tenants by the entireties. There is some suggestion in King v. Merryman, 196 Va. 844, 86 S.E.2d 141, 146, that such is permitted where Justice Spratley discusses the effect of § 55–20 and § 55–21 of the Code of Virginia, 1950. We turn, however, to the history of a tenancy by the entirety and the effect, if any, of those laws known as the Married Woman's Property Statutes.

At common law spouses were considered as one person. They could not hold the estate by moieties as joint tenants or tenants in common—both were seized of the entirety—neither could dispose of any part without the assent of the other, and the whole remained to the survivor. However, during coverture, the husband was entitled to the full control and benefits of property held by the entirety. This right was not derived from the nature of the estate but from the general principle of common-law vesting of the wife's property in the husband. Not only was the husband's right to rents and profits during their joint lives subject to execution, but the husband could convey the property so as to divest the wife of possession during his life and, in the event he survived her, to vest in the grantee an absolute estate. Fairclaw v. Forrest, 76 U.S.App.D.C. 197, 130 F.2d 829, 143 A.L.R. 1154; Vasilion v. Vasilion, 192 Va. 735, 66 S.E.2d 599.

The parties agree that, for the purposes of this action, the United States could not levy upon the realty held by Clyde L. Moore and Nettie Mae Moore, husband and wife, as "tenants by the entireties", with the right of survivorship as at common law, to obtain payment of cabaret taxes due by Clyde L. Moore, the husband. Such appears to be the law in Virginia. Vasilion v. Vasilion, supra; In re Black, D.C.E.D.Va., 145 F.Supp. 689. But, the United States contends, the rents and profits from such property cannot be held by the entirety as such rents and profits are personalty and Virginia has not recognized tenancies by the entirety in personalty and, even if so recognized, the instrument establishing the entirety in realty does not extend to derivatives therefrom. Plaintiff urges that rents derived from entirety property are governed by the same laws applying to tenancies by the entirety in real estate.

The legislative history of the Virginia Married Woman's Property Act is contained in Vigilant Insurance Company v. Bennett, 197 Va. 216, 89 S.E.2d 69, 71, where Justice Miller states:

"Sections 55–35 and 55–36 are parts of what was originally called the Married Woman's Act * * *. These acts and similar acts passed in other states were designed to enlarge the personal rights of married women and secure to them separate legal estates over which they were granted greater dominion and control than they had formerly enjoyed."

Section 55–35 of the Code of Virginia, 1950, now specifies that the husband is not entitled to "the possession * * *, or to the rents, issues and profits, of such real estate (the wife's property) during the coverture." Thus it follows, as Justice Whittle said in Vasilion v. Vasilion, supra, that the husband no longer has exclusive possession or control over any portion of property held as tenants by the entireties. We believe that logic dictates the same rule should apply to the rents, issues and profits derived from such entirety property, and that the rent involved herein is not subject to levy by the United States, subject, however, to the comments previously noted concerning issues not now before this Court.

It is recognized that some states are not in accord with this view. North Carolina and Massachusetts hold that the Married Woman's Property Act has no effect upon tenancies by the entirety, and the husband retains his common-law rights regarding rents, etc. These two states allow judgment creditors of the husband—but not those of the wife—to attach derivatives of entirety property. Lewis v. Pate, 212 N.C. 253, 193 S.E. 20; Pineo v. White, 320 Mass. 487, 70 N.E.2d 294. A study of the Vasilion case would not lead to the belief that Virginia intended to adopt this approach to the problem.

Approximately sixteen jurisdictions permit personal property to be held by parties as tenants by the entireties. 64 A.L.R.2d 23. Seven states deny the right to hold personal property by the entirety, although permitting such tenancies in realty. 64 A.L.R.2d 27. No property of any kind may be held as tenants by the entireties in five jurisdictions. 64 A.L.R.2d 30. In four places the statute expressly precludes entireties in personalty. 64 A.L.R.2d 30. Five states refuse to permit entireties in personalty *except* where the personalty is derived from realty held by the entirety. 64 A.L.R.2d 31. As stated, with two exceptions (64 A.L.R.2d 57):

"* * * The conclusion reached was that the derivatives of entirety property particularly in question were, or were to be treated as, entirety property."

The question frequently arises with respect to crops and timber grown on real property held by the entireties. Several states, including Indiana, Michigan, Arkansas, Vermont and North Carolina, while refusing to accept the principle that personalty may be held by the entirety, have treated the derivative from realty held by entirety "in the same manner and subject to the same law as the land itself, and not subject to levy and sale on an execution against the husband."

While not a part of the stipulation in this case, it was suggested to counsel that there are many instances of Virginia residents holding stock certificates as tenants by the entireties with the right of survivorship as at common law. It is also noted that Virginia imposes an inheritance tax upon property, real, personal and mixed, passing by virtue of the fact that the property is held by the decedent and another "as joint tenants or tenants by the entireties, with the right of survivorship." § 58–152 of the Code of Virginia, 1950. The practice, while not expressly approved by statute or judicial pronouncement, leads to the belief that Virginia recognizes the right to hold personalty as tenants by the entireties. Furthermore, even assuming that such is not the case, the greater weight of authority supports the view that derivatives of entirety property are treated as such.

We do not have the problem as to when the rent ceases to be entirety property under the facts of this case. It

had never been paid by the tenant of the property to either the plaintiff or her husband. It retained its original character at all times.

Under the provisions of § 55–20 of the Code of Virginia, 1950, survivorship between *joint tenants* was abolished "whether the estate be real or personal". Section 55–20 goes on to state:

"And if hereafter any estate, real or personal, be conveyed or devised to a husband and his wife, they shall take and hold the same by moieties in like manner as if a distinct moiety had been given to each by a separate conveyance."

Having converted, in so far as dower and curtesy are concerned, all joint tenancies into tenancies in common, the General Assembly of Virginia engrafted an exception to § 55–20 providing, in part, as follows (§ 55–21):

"The preceding section shall not apply * * * to an estate conveyed or devised to persons in their own right when it manifestly appears from the tenor of the instrument that it was intended the part of the one dying should then belong to the others."

These statutes, when read together, carry an inference that Virginia recognizes the right to hold personalty as tenants by the entireties. It is also abundantly clear that the tenor of the instrument creating the tenancy by entirety as to the real estate falls within the exception as stated in § 55–21.

The United States urges, however, that the deed to plaintiff and her husband conveying the real property does not provide for any rental contract or the proceeds therefrom, and is therefore not an "instrument" creating a survivorship estate in accrued rents owed by the tenant of such real property to the tenants by the entireties. The short answer to this argument is that neither § 55–20 nor § 55–21 was intended to apply to derivatives of property held by the entireties. Moreover, the lease to the tenant does not qualify as a conveyance or devise to a husband and his wife as provided by § 55–20, and hence the exception stated in § 55–21 would be inapplicable to the lease and rental flowing therefrom.

 Holding that the defendants are not entitled to levy upon accrued rents derived *solely* from real estate owned by plaintiff and her husband as tenants by the entireties for taxes due by the husband, and assuming, but not deciding, the validity of the instrument creating the aforesaid tenancy in said real property, an appropriate decree will be presented for entry.