## CIRCUIT COURT OF THE CITY OF BRISTOL

Hayes

v.

Barker

January 19, 1990

By JUDGE CHARLES B. FLANNAGAN, II

This matter is before the court for a determination as to whether certain property which has been levied upon by the sheriff in an effort to collect a judgment against defendant husband is property owned by defendant husband or husband and wife as tenants by the entireties or owned by a third party.

Husband and wife are the owners as tenants by the entireties of real estate upon which is located the Trainstation Marketplace. The Trainstation Marketplace houses five small businesses paying rent to husband and wife and a candy store and a restaurant, bar and grill operated by husband and wife. Wife is actively involved as manager of the restaurant, bar and grill, and husband is actively involved in the construction, maintenance, and financing of the entire operation. All monies from the operations and rentals are deposited in a single account of which husband and wife are the joint owners.

The Sheriff levied upon personal property used in connection with the operation of the restaurant, bar and

grill. The Sheriff declined to levy upon cash contained in the cash register at the restaurant due to uncertainty on his part as to the owner of the cash.

Husband and wife filed an answer July 28, 1989, in a chancery proceeding brought by husband's judgment creditor, Hayes, and asserted that the personalty is owned by them as tenants by the entireties and not subject to levy for the debt of husband only. On the other hand, wife and William J. Horton subsequently filed a petition to intervene in a law action filed by Hayes against husband and the Sheriff, which petition asserts that the property is not owned by husband and wife at all, but to the contrary is owned by William J. Horton. In support of that claim, an instrument dated September 12, 1988, purporting to be a lease of the personalty in question was submitted to the court. The copy of the instrument submitted to the court is executed by husband and wife and purports to be a lease from William J. Horton and Phyllis C. Horton. There are no terms of lease set forth in this instrument either as to duration or as to the amount of rent due. The instrument submitted does not show that it has been executed by William J. Horton or Phyllis C. Horton. Neither William J. Horton nor Phyllis C. Horton appeared at the evidentiary hearing on this matter. Both the law action and chancery proceeding have been consolidated for the purposes of the court's determination of the issue stated above.

Pursuant to long-established precedent, husband and wife will not now be permitted to take inconsistent and contradictory positions that they are not the owners of the property on the one hand and on the other hand that they own the property as tenants by the entireties. *See Winslow v. Scaife*, 224 Va. 647 (1983). This is not simply an assertion of alternate defenses but is an assertion of mutually exclusive factual situations made in different pleadings in different proceedings (now consolidated). I am not persuaded that, at the time pertinent for determination in this suit, William J. Horton was the owner of this property. He did not appear to testify and the instrument submitted does not contain his signature. Phyllis C. Horton did not attempt to intervene in this proceeding.

Upon consideration of the evidence, the court finds

that the personalty in question is held as tenants in common by husband and wife.

It is clear that Virginia recognizes that personal property may be held as tenants by the entireties. *Oliver v. Givens, Trustee*, 204 Va. 123 (1963). There is also authority that rents and profits derived exclusively from entireties property would be deemed to be entireties property. *Moore v. Glotzbach*, 188 F. Supp. 267 (E.D. Va. 1960).

I further note the authorities supporting the following: (1) farm machinery and animals purchased with income from farm owned by entireties is entireties' property. 64 A.L.R. 2d 8, § 29; (2) personal property purchased with joint or entireties' funds, though taken in the name of one of the spouses only, is owned by the entireties in jurisdictions recognizing such ownership of property absent indications to the contrary. *Id.* § 27; (3) mercantile businesses, saloons, and tavern businesses and restaurants operated as joint enterprises or partnership ventures by husband and wife have been recognized as, in fact, being owned by the entireties. *Id.* § 30.

In Virginia, however, unless personal property is acquired through the rents, profits, or proceeds of entireties' property, the requirements of Code § 55-21 must be met in order to come within an exception to the abolishment of entireties' property provided in Code § 55-20. That is, there must be an instrument of conveyance clearly establishing the right of survivorship.

In the case at bar, the property was not acquired by rents, profits, or proceeds of entireties' property but by a loan from William J. Horton which remains outstanding. The stated intention to repay this loan from the rents, profits, or proceeds of entireties' property is not sufficient to establish this as entireties' property.

Accordingly, plaintiff Hayes is entitled to pursue collection of his judgment against the one-half interest of husband in the personalty levied upon. An exception to this is the cash register which was shown to be the property of Fred Leonard.

I further find that the evidence is insufficient for me to direct levy upon cash in the cash register.