**UNITED STATES of America,
Plaintiff,**

v.

**Turner R. BOWSER, Eugenia W. Bowser, Citimortgage, Inc., and Drescher & O'Hara, Ltd., Defendants.**

**Civil Action No. 2:10cv499.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Feb. 28, 2011.

---

Virginia Lynn Van Valkenburg, United States Attorney Office, Norfolk, VA, Claire Horsley Taylor, U.S. Department of Justice–Tax Division, Washington, DC, for Plaintiff.

Mary Teresa Morgan, Cooper, Spong & Davis, P.C., Portsmouth, VA, Philip James Meitl, Bryan Cave LLP, Washington, DC, for Defendants.

### MEMORANDUM ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on defendants Turner R. Bowser ("Taxpay-

er") and Eugenia W. Bowser's ("Mrs. Bowser"), Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). The Motion is ripe for review. For the reasons below, the Motion is **DENIED.**

## I. FACTUAL AND PROCEDURAL HISTORY

On or about December 1, 1983, Taxpayer, a Virginia resident, and his wife, Mrs. Bowser, together acquired real property located in Virginia Beach, Virginia (the "Real Property") by deed and subject to a deed of trust. Compl. ¶ 18, ECF No. 1; Deed, Compl. Ex. A, ECF No. 1–1 [hereinafter "Deed"]. The deed recites that Taxpayer and Mrs. Bowser are husband and wife and they possess the Real Property "as tenants by the entireties, with the right of survivorship." Deed 4. As of April 5, 2010, Taxpayer owes the plaintiff, the United States of America ("United States"), $238,158 plus interest and costs, stemming from the nonpayment of eight years of federal income taxes. Compl. ¶¶ 11–16.

The United States filed the instant Complaint on October 7, 2010, alleging that the aforementioned debt gave rise to federal tax liens that "attached to all property and rights to property then owned or thereafter acquired by Taxpayer, specifically including the Real Property." *Id.* ¶ 19. Therefore, the United States asks the court to 1) grant judgment in its favor against Taxpayer for the amounts owed and "all interest and penalties that have accrued and will continue to accrue according to law"; 2) declare that the United States has valid liens against the Real Property; 3) order the liens be foreclosed, "free and clear of any right, title, lien, claim, or interest of any of the Defendants" and the Real Property sold; and 4)

order that the proceeds be distributed according to priority of claims. *Id.* at 6.

The United States named Mrs. Bowser as a defendant because "she may claim an interest in the Real Property as Taxpayer's wife, and by virtue of" the deed to the Real Property. Compl. ¶ 7. Similarly, defendant CitiMortgage was joined because it has an interest in the Real Property. *Id.* ¶ 8; Stipulation, ECF No. 18. The United States joined defendant Drescher & O'Hara Ltd. because it was believed to possess an interest in the Real Property. However, Drescher & O'Hara Ltd. did not respond to the Complaint, and, on December 10, 2010, the Clerk entered default against it. On February 17, 2011, the United States filed a motion for default judgment against Drescher & O'Hara Ltd. That motion is not yet before the court.

Taxpayer and Mrs. Bowser filed the instant Motion on January 19, 2011. They assert that the United States fails to state a claim upon which relief can be granted because Taxpayer and Mrs. Bowser hold the Real Property as tenants by the entirety and, under Virginia law, the United States cannot foreclose a tax lien upon entirety property and compel that the property be sold. *See* Mem. in Supp. of Mot. to Dismiss 3–4, ECF No. 24. The United States counters that defendants' "position is contrary to Supreme Court case law." Resp. to Mot. to Dismiss 1, ECF No. 27 [hereinafter "Resp."]. In reply, Taxpayer and Mrs. Bowser add that foreclosure and sale would be improper and inequitable in this case. *See* Reply to Resp. to Mot. to Dismiss 6, ECF No. 29 [hereinafter "Reply"].

## II. DISCUSSION

When ruling on a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts the facts alleged in the Complaint as true and views

them in the light most favorable to the plaintiff. *Venkatraman v. REI Systems, Inc.*, 417 F.3d 418, 420 (4th Cir.2005). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ── U.S. ──, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). Accordingly, it is not enough if a plaintiff alleges facts that show a "sheer possibility" or "mere[ ] consist[ency]" with unlawful conduct. *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). A plaintiff must show that it is entitled to relief. *Id.*

Taxpayer and Mrs. Bowser do not dispute that the United States states a claim for judgment against Taxpayer, nor that it states a claim for a declaration that it has a valid federal tax lien against the Real Property. *See* Reply 3 ("[T]here is no dispute that by virtue of [Taxpayer's] delinquent taxes, a federal lien exists with respect to the Real property pursuant to 26 U.S.C. § 6321.").[1] They only challenge whether the United States states a claim for foreclosure and sale upon which relief can be granted. *See* 26 U.S.C. § 7403. Specifically, they argue that the court cannot foreclosure the tax liens and order the sale of the Real Property because the Real Property is owned as a tenancy by the entirety and the United States only seeks to satisfy the tax liability of one spouse.

To resolve the Motion, the court first analyzes whether, under Virginia law, Taxpayer and Mrs. Bowser, in fact, own the Real Property as tenants by the entirety. *See Drye v. United States*, 528 U.S. 49, 58, 120 S.Ct. 474, 145 L.Ed.2d 466 (1999) (indicating that federal courts look to state law to determine a person's rights in real property that the United States seeks to reach); *United States v. Craft*, 535 U.S. 274, 278, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002) ("The federal tax lien statute itself 'creates no property rights....'" (citations omitted)). If they do, the court must determine whether the United States can enforce tax liens against such entirety property to satisfy the debts of one spouse.

## A. TENANCY BY THE ENTIRETY

██ Under Virginia law, tenancy by the entirety is a recognized form of concurrent ownership. *See In re Ballard*, 65 F.3d 367, 371 (4th Cir.1995) (citing *inter alia Pitts v. United States*, 242 Va. 254, 408 S.E.2d 901, 903 (1991)). To find a tenancy by the entirety, the court must find that the five "unities" are met: the unities of title, estate, time, possession, and marriage. *See In re Bunker*, 312 F.3d 145, 151 (4th Cir.2002). Accepting the allegations in the Complaint and the unambiguous language of the deed as true, and reading them in the light most favorable to the United States, the court finds that each of the unities is present and, therefore, Taxpayer and Mrs. Bowser hold the Real Property as tenants by the entirety. *See In re Zella*, 202 B.R. 712, 714 (E.D.Va. 1996) ("[I]n Virginia, a conveyance to a husband and wife together coupled with the intent that there be survivorship rights always creates a tenancy by the entirety.").

---

**1.** Section 6321 of Title 26 provides that the amount of any delinquent taxes are "a lien in favor of the United States upon *all property* and *rights to property*, whether real or personal, belonging to such person." 26 U.S.C. § 6321 (emphasis added).

## B. FORECLOSURE AND SALE

 Taxpayer and Mrs. Bowser do not contest that the United States states a claim for a declaration that it has a tax lien against the Real Property. *See Reply* 3 ("[T]he focus of this matter is whether or not the [IRS] may properly foreclose on the federal tax lien and sell the property. . . ."). In other words, they concede that it is plausible that the United States could have a tax lien on entirety property for the debt of one spouse, notwithstanding Virginia law. This position is sensible considering that the Supreme Court has held that, under federal law, a federal tax lien can attach to one spouse's interest in entirety property, notwithstanding a contrary state law rule as regards state law creditors. *Craft*, 535 U.S. at 288–89, 122 S.Ct. 1414; *see also Schlossberg v. Barney*, 380 F.3d 174, 182 (4th Cir.2004) ("[O]nce the taxpayer's property interest is established for purposes of the federal tax lien statute, 'state law is inoperative to prevent the attachment of liens created by federal statute in favor of the United States.'" (quoting *Drye*, 528 U.S. at 52, 120 S.Ct. 474)). Curiously, Taxpayer and Mrs. Bowser nonetheless argue that Virginia Law prevents the United States from foreclosing such a lien and the court from ordering sale of the Real Property. This position is not tenable. State law determines what constitutes "property and rights to property" under 26 U.S.C. § 6321,[2] but "the consequences that attach to those interests is a matter left to federal law." *United States v. Rodgers*, 461 U.S. 677, 683, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983) (citations omitted).[3]

 Section 7403 of Title 26 authorizes the United States to enforce a tax lien upon a delinquent taxpayer's property and subject that property to sale. 26 U.S.C. § 7403; *see, e.g., Washington v. United States*, 402 F.2d 3, 7 (4th Cir.1968). A spouse's interest in the entirety property does not operate to immunize the taxpayer from this "consequence." As the Supreme Court has recognized, there must be a remedy for the United States' right to enforce a lien against a taxpayer's property, whether or not that remedy impacts the rights of a third party in such property. In *United States v. Rodgers*, 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983), the Court held that § 7403 "contemplate[s] . . . the sale of the entire property (as long as the United States has any 'claim or interest' in it), and the recognition of third-party interests through the mechanism of judicial valuation and distribution." *Rodgers*, 461 U.S. at 693–94, 103 S.Ct. 2132. In *United States v. Craft*, 535 U.S. 274, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002), the Court reaffirmed that the United States can compel the sale of entireties property to enforce a tax lien. The *Craft* holding was confined to whether a tax lien could attach to entirety property, but, in addressing the dissent, the Court stated:

> There is . . . a difference between the treatment of entireties property and partnership assets. The Federal Government may not compel the sale of partnership assets. . . . This disparity of treatment between the two forms of

---

2. *See supra* note 1.

3. Taxpayer and Mrs. Bowser highlight *Moore v. Glotzbach*, 188 F.Supp. 267 (E.D.Va.1960) in support of the proposition that Virginia law does not permit the United States to levy upon entirety property to obtain payment of taxes due by only one spouse. *Moore* is not binding precedent. Moreover, to the extent that *Moore* held that state law controls issues regarding the enforcement of federal tax liens, *Moore* is no longer good law in light of subsequent Supreme Court decisions. *See Rodgers*, 461 U.S. at 694, 103 S.Ct. 2132; *see also Craft*, 535 U.S. at 286–88, 122 S.Ct. 1414.

ownership, however, arises from our decision in *United States v. Rodgers.*

*Craft,* 535 U.S. at 286, 122 S.Ct. 1414 (citations omitted).

Accordingly, the court **FINDS** federal law permits foreclosure of a tax lien and sale of the delinquent taxpayer's property, regardless of whether or not that property is held as a tenancy by the entirety. As such, the United States states a claim upon which relief can be granted, and, therefore, the Motion is **DENIED.**[4]

The court **DIRECTS** the Clerk to send a copy of this Memorandum Order to counsel for the parties.

**IT IS SO ORDERED.**

**4.** In their Reply, Taxpayer and Mrs. Bowser also argue that foreclosure and sale of the Real Property would be inequitable. Reply 5–6. They state that "information outside the pleadings should be considered with regard to the inequity of foreclosure" and suggest that the Motion be converted to a motion for summary judgment and fully briefed at the conclusion of discovery. *Id.* at 6. If these defendants wish to file a motion for summary judgment at the conclusion of discovery, they may do so. However, at this juncture, the court will not and has not considered any matters outside the pleadings. *See* Fed. R.Civ.P. 12(d); *Bosiger v. U.S. Airways,* 510 F.3d 442, 450 (4th Cir.2007). Arguments against the equity of foreclosure and sale are premature at this stage.